UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEVEN W. HOLLAND,

    Plaintiff,

-vs-                                      Case No.: 1:15-cv-00306-HSO-JCG

KEESLER FEDERAL CREDIT UNION,

    Defendant.
_____/

**PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF RULE 56(d) MOTION IN OPPOPSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, STEVEN W. HOLLAND (hereafter "Plaintiff"), hereby files his Memorandum Brief in Support of his Rule 56(d) Motion in Opposition to Defendant, KEESLER FEDERAL CREDIT UNION's (hereafter "Defendant") Motion for Summary Judgment (Dkt. 42), and in support thereof, states as follows:

1.    Plaintiff's Complaint in this action asserts, among other thing, a claim against Keesler for violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b)(1)(A)(iii) arising out of Keesler having allegedly initiated in excess of two-hundred (200) calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded voice message without Plaintiff's prior express consent, or after Plaintiff revoked any such consent.

2.    On March 9, 2016, the Plaintiff served upon the Defendant his First Set of Interrogatories, First Requests for Production and First Requests for Admission (collectively "Plaintiff's First Set of Discovery Requests").[1]

---

[1] See Affidavit of D. Mitchell, ¶ 10. A copy of Plaintiff's First Set of Discovery Requests is attached to Plaintiff's Motion to Compel (Dkt. 58) as Composite Exhibit "A."

3. On April 6, 2016, the Plaintiff served upon the Defendant his Second Set of Interrogatories and Second Request for Production (collectively "Plaintiff's Second Set of Discovery Requests").[2]

4. On April 15, 2016, the Defendant served upon Plaintiff its Responses to Plaintiff's First Set of Interrogatories, Responses to Plaintiffs' First Requests for Admissions, and Answers to Plaintiff's First Set of Interrogatories (collectively "Defendant's Responses to Plaintiff's Second Set of Discovery Requests").[3]

5. On May 5, 2016, the Defendant served upon the Plaintiff its Responses to Plaintiff's Second Request for Production and Answers to Plaintiff's Second Set of Interrogatories (collectively "Defendant's Responses to Plaintiff's Second Set of Discovery Requests").[4]

6. On July 10, 2016, Plaintiff's undersigned counsel sent a letter to counsel for Defendant, Robert Schwartz, Esq., identifying certain deficiencies with Defendant's discovery responses. Notably, Notably, Defendant failed to produce materials responsive to Plaintiff's request for documents reflecting the date and time of each call it placed to Plaintiff's cellular telephone number and any notes made by Defendant's representatives contemporaneous with making such calls,[5] recordings evidencing any telephonic communication between Plaintiff and Defendant,[6] and documents evidencing the Defendant's acquisition of the dialing system utilized

---

[2] See Affidavit of D. Mitchell, ¶ 11. A copy of Plaintiff's Second Set of Discovery Requests is attached to Plaintiff's Motion to Compel (Dkt. 58) as Composite Exhibit "B."

[3] See Affidavit of D. Mitchell, ¶ 12. A copy of Defendant's Responses to Plaintiff's First Set of Discovery Requests is attached to Plaintiff's Motion to Compel (Dkt. 58) as Composite Exhibit "C."

[4] See Affidavit of D. Mitchell, ¶ 13. A copy of Defendant's Responses to Plaintiff's Second Set of Discovery Requests is attached to Plaintiff's Motion to Compel (Dkt. 58) as Composite Exhibit "D."

[5] Plaintiff's First Requests for Production No. 3, 5 and 6.

[6] Plaintiff's First Requests for Production No. 11.

by Defendant to initiate the calls to Plaintiff's cellular telephone number,[7] and instead interposing numerous legally deficient objections to Plaintiff's requests for these materials.[8]

7.  After receiving the letter, Defendant and Defendant's counsel refused to correct any of the discovery deficiencies identified in the letter, including refusing to withdraw any of the numerous improvident objections and refusing to produce the supplemental materials requested therein – notably, Keesler's call log reflecting calls it made to Plaintiff's cellular telephone number during the requested time period, Keesler's account notes corresponding to any conversations it had with the Plaintiff's during the same time period, any audio recordings of the Plaintiff, and documents identifying when Keesler acquired the dialing system used to make calls to Plaintiff's cellular telephone number.[9]

8.  On July 14, 2016, Plaintiff filed his Motion for Extension of certain deadlines and events in this action, including the Discovery Deadline and the Dispositive and *Daubert* Motions Deadline (Dkt. 39), which was necessitated by the significant difficulties Plaintiff's counsel has encountered during the discovery process in an effort to obtain essential information and materials that are within the Defendant's sole possession and control. Notably, Plaintiff's Motion for Extension (Dkt. 39) outlines in thorough detail, with supporting exhibits, Plaintiff's numerous unsuccessful efforts to coordinate the deposition of Defendant's Rule 30(b)(6) witness prior to the discovery deadline due to the lack of cooperation by Defendant's counsel. Plaintiff's Motion for Extension also explained that "Defendant's discovery deficiencies have precluded the Plaintiff's telecommunications expert, Randall A. Snyder, from rendering complete opinions regarding the

---

[7] Plaintiff's First Requests for Production No. 21.

[8] See Affidavit of D. Mitchell, ¶ 14. A copy of the July 10, 2016 letter is attached to Plaintiff's Motion to Compel (Dkt. 58) as Exhibit "E."

[9] See See Affidavit of D. Mitchell, ¶ 15.

functionality of Defendant's dialing system with respect to the telephone calls at issue in this action, which is material to the Plaintiff's ability to prove the elements of his claim under the [TCPA]."[10]

9. A telephonic hearing was held on Plaintiff's Motion for Extension (Dkt. 39) before Magistrate Judge John C. Gargiulo on August 19, 2016 at 10:00 a.m. During that hearing, counsel for Defendant argued that the Court should deny Plaintiff's request for additional time to conduct the deposition of Defendant's 30(b)(6) witness and should not permit Plaintiff any additional time for his expert to render opinions concerning the telecommunications systems used by Defendant to make calls to Plaintiff's cellular telephone number.

10. Following the August 19, 2016 hearing, the Court entered an Amended Case Management Order which scheduled the Plaintiff's deposition for August 29, 2016, and the deposition of Defendant's 30(b)(6) witness for August 30, 2016. The Amended Case Management Order further provided an extended deadline of September 9, 2016 for Plaintiff to supplement his expert report, extended the Discovery Deadline to September 26, 2016, and extended the Dispositive and *Daubert* Motions Deadline to October 10, 2016.

11. Pursuant to the dates scheduled by Magistrate Judge Gargiulo during the August 19, 2016 hearing and this Court's Amended Case Management Order, Plaintiff was deposed on August 29, 2016, and Defendant's 30(b)(6) witness was deposed on August 30, 2016.

12. On September 7, 2016, Plaintiff served upon Defendant the Declaration of his expert, Randall A. Snyder, in which Mr. Snyder rendered an opinion that Keesler's telecommunications system is an ATDS based in significant part on facts revealed during the testimony of Defendant's 30(b)(6) witness.

---

[10] See Dkt. 39, p. 4, ¶ 20.

13. On September 13, 2016, Plaintiff filed his Motion to Compel and for Sanctions (Dkt. 58) due to Defendant's refusal to produce discovery materials that are responsive to Plaintiff's written discovery requests, and to which Defendant's 30(b)(6) witness was unable to provide responsive testimony, deferring instead to these materials and confirming that said materials are within the exclusive possession and control of Defendant.

14. As fully explained below,[11] Defendant's withholding of the discovery materials outlined in Plaintiff's Motion to Compel (Dkt. 58) has directly prevented Plaintiff from obtaining evidence necessary to establish the elements of his TCPA claim and to oppose Defendant's Motion for Summary Judgment (Dkt. 42). Accordingly, pursuant to Fed. R. Civ. P. 56(d), Defendant's Motion for Summary Judgment should be stayed, or denied without prejudice, with leave to reassert once the parties have concluded discovery, and once this Court has ruled on Plaintiff's Motion to Compel (Dkt. 58) and Defendant has provided any additional discovery materials subject to that ruling.

## I. Legal Standard

"Federal Rule of Civil Procedure 56 governs motions for summary judgment." BFI Waste Services, LLC v. Delta Sanitation of Miss., LLC, Case No. 1:09-cv-294, 2010 WL 2133867, at *2 (S.D. Miss. May 27, 2010). "Rule 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law." Id. (citing Fed.R.Civ.P. 56). "The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses." Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Meyers v. M/V Eugenio C., 842 F.2d

---

[11] As additionally set forth in Plaintiff's Motion to Compel (Dkt. 58).

815, 816 (5th Cir.1988)). "While Rule 56 allows a party to move for summary judgment 'at any time,' it 'presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts[.]'" Scott v. Cable One, Inc., Case No. 1:09-cv-212, 2010 WL 3023526, at *2 (S.D. Miss. 2010) (citations omitted). Federal Rule of Civil Procedure 56(d) provides as follows, in relevant part:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"Rule 56[d] discovery motions are 'broadly favored and should be liberally granted.'" Isaacson v. Waste Mgmt., Inc., Case No. 1:08-cv-438, 2009 WL 2408374, at *1 (S.D. Miss. 2009)[12] (quoting Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir.2006). See also Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 919 n. 4 (5th Cir.1992) ("Such 'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'") (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir.1991)). "Rule 56(d) is 'designed to safeguard nonmoving parties from summary judgment motions that they cannot adequately oppose.'" King v. Freedom Life Ins. Co. of Am., 2:10-cv-14-KS-MTP, 2011 WL 3876979, at *3 (S.D. Miss. 2011), aff'd, 486 Fed. Appx. 477 (5th Cir. 2012) (quoting Fennell v. Quintela, 393 F. App'x 150, 155 (5th Cir.2010)). "A non-moving party must be given a 'full and fair opportunity to discovery information essential to its opposition to summary judgment.'" Id. (quoting Fennell, 393 F. App'x at 155).

---

[12] Rule 56(f) was subsequently renumbered to Rule 56(d).

"[W]hen a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery." McCollum v. Jacobs Eng'g Group, Inc., 5:11-CV-177-DCB-RHW, 2012 WL 3811750, at *3 (S.D. Miss. 2012) (quoting Wichita Falls, 978 F.2d at 920). "A plaintiff seeking discovery under Rule 56(d) 'must demonstrate (1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact.'" Id. (quoting Chenevert v. Springer, 431 F. App'x 284, 287 (5th Cir. 2011)). Moreover, "[w]hen a party files a brief opposing the motion for summary judgment and informs the court of the need for additional discovery, these documents can combine to serve 'as the functional equivalent' of a Rule 56[d] motion." Nationwide Mut. Fire Ins. Co. v. Sea Breeze Condominiums, 1:10-cv-298, 2011 WL 1561014, at *2 (S.D. Miss. 2011) (Ozerden, J.) (quoting Travelers Property Cas. Co. of America v. Dillard's, Inc., No. 2:07-cv-312, 2008 WL 886099, at * 2 (S.D. Miss. 2008)).

For the reasons set forth below and in the accompanying Affidavit of Plaintiff's counsel, David P. Mitchell, Plaintiff submits that he has satisfied the Rule 56(d) standard, and that Defendant's Motion for Summary Judgment should be stayed, or denied without prejudice, with leave to reassert once the parties have concluded discovery, and once this Court has ruled on Plaintiff's Motion to Compel (Dkt. 58) and Defendant has provided any additional discovery materials subject to that ruling.

**II.    Argument**

As more fully set forth in Plaintiff's Motion to Compel (Dkt. 57) and Memorandum in Support (Dkt. 58), Plaintiff is requesting that this Court compel Defendant to produce certain discovery materials that have been withheld by Defendant Keesler, and which are central to Plaintiff's ability to prove his TCPA claim in this action, and necessary for Plaintiff to oppose

7

Defendant's Motion for Summary Judgment (Dkt. 42). Importantly, these materials are within Defendant's exclusive control, and are otherwise unavailable to Plaintiff unless these materials are produced by Defendant.[13] Application of Rule 56(d) is particularly appropriate where, as here, the evidence necessary to oppose a defendant's motion for summary judgment is exclusively within the defendant's possession and control.[14] Where, as here, a plaintiff has not had the opportunity to obtain such crucial discovery materials necessary to establish the elements of his claim, this Court has consistently held that a "[d]efendant's [Summary Judgment] Motion is premature." See Isaacson, supra, 2009 WL 2408374, at *1 (S.D. Miss. 2009) (Ozerden, J.) (holding that "[p]laintiffs have made a sufficient showing of their need for discovery before they can adequately address the factual issues raised in [the] [d]efendants' Motion [for Summary Judgment]"); BFI Waste Services, supra, 2010 WL 2133867, at *2 (S.D. Miss. May 27, 2010) (Ozerden, J.) (holding that "because further discovery could potentially alter the current posture of [d]efendants' Motions, the Motion for Summary Judgment [] will be denied without prejudice, with leave to reassert once the parties have concluded discovery"); Gulf Ship, LLC, supra, 2010 WL 2104612, at *1–2 (S.D. Miss. 2010) (Ozerden, J.) (same); Biel Loan Co. III-A, L.L.C. v. Lee Freyer Kennedy Crestview, L.L.C., 1:10-cv-153HSO-JMR, 2011 WL 1321328, at *1–2 (S.D. Miss. 2011) (Ozerden, J.) (same); Nationwide Mut. Fire Ins. Co. v. Sea Breeze Condominiums, 1:10-cv-298, 2011 WL 1561014, at *2 (S.D. Miss. 2011) (Ozerden, J.) (same); McCollum v. Jacobs Eng'g Group, Inc., 5:11-CV-177-DCB-RHW, 2012 WL 3811750, at *4 (S.D. Miss. 2012) (holding that where Plaintiff "properly pleaded

---

[13] See Affidavit of David P. Mitchell, ¶ __.
[14] Cf. Scott v. Cable One, Inc., Case No. 1:09-cv-212, 2010 WL 3023526, at *2 (drawing analogy to "antitrust cases, where 'the proof is largely in the hands of the alleged conspirators,' dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly." (quoting Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 746 (1976)).

his [] claim, [he] is entitled to 'a reasonable opportunity to prepare the case' before having to support that claim with evidence sufficient to withstand a motion for summary judgment.").[15]

As fully set forth Plaintiff's Motion to Compel (Dkt. 57) and Memorandum in Support (Dkt. 58), Plaintiff is requesting that this Court compel Defendant to produce the following materials that were requested by Plaintiff during discovery in this matter and withheld by Defendant without any lawful justification:

(1)     Documents reflecting the date, time and length of all telephone calls made by Defendant to Plaintiff's cellular telephone number from September 1, 2014 through the date Plaintiff filed the complaint, as well as any notes made by Defendant's representatives during these calls.[16]

(2)     Audio recordings evidencing any telephone communications between Plaintiff and Defendant.[17]

(3)     Documents identifying when Defendant acquired the Interaction Client system.[18]

---

[15] (citing 10B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2741 (3d ed.); Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ("The various instruments of discovery now serve ... as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to th[e legal] issues."); Fed.R.Civ.P. 26, cmt. to 1946 amendment ("The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case."). Indeed, a plaintiff seeking relief under Rule 56(d) based on the pendency of a motion to compel discovery is required to invoke Rule 56(d) prior to the court ruling on the motion for summary judgment or such relief is waived. See Pree v. Farmers Ins. Exch., 552 Fed. Appx. 385, 388 (5th Cir. 2014) (declining to reverse order granting motion for summary judgment based on plaintiff's argument that she had a pending motion to compel discovery, holding that "a party 'waives the issue of inadequate discovery' when it fails to seek relief under Rule 56(d)" (quoting Access Telecom, Inc. v. MCI Telecomms. Corp., 197 F.3d 694, 719 (5th Cir.1999)).

[16] See Plaintiff's Motion to Compel (Dkt. 58), p. 9-15 (Plaintiff's Request for Production No. 3, 5 and 6). Defendant's 30(b)(6) witness testified that such records are maintained in Defendant's "Akcelerant" software system. See Ex. "F" to Plaintiff's Motion to Compel (Dkt. 58), Depo. D. Powell, p. 78:8 to 78:23; 108:25 to 109:22.

[17] See Plaintiff's Motion to Compel (Dkt. 58), at p. 15 (Plaintiff's Request for Production No. 11).

[18] See Plaintiff's Motion to Compel (Dkt. 58), at p. 16 - 18 (Plaintiff's Request for Production No. 21).

These materials are necessary in order for Plaintiff to prove his TCPA claim at issue in this action and oppose Defendant's Motion for Summary Judgment.[19] A TCPA claim has two elements: (1) a call to a cellular telephone; (2) using an "automatic telephone dialing system" ("ATDS") or an "artificial or prerecorded voice."[20] "[P]rior express consent is an affirmative defense, not an element of the claim." Manfred v. Bennett Law, PLLC, 12-CV-61548, 2012 WL 6102071, at *2 (S.D. Fla. 2012) (citing Breslow, supra, 867 F.Supp.2d at 1320 ("the prior express consent exemption acts as an affirmative defense, and 'the burden will be on the creditor to show it obtained the necessary prior express consent.'")).[21] However, called parties "have a right to revoke consent, using any reasonable method including orally or in writing." In the Matter of Rules and Regulations Implementing the [TCPA] of 1991, 30 FCC Rcd 7961, 7996 at ¶ 64 (July 10, 2015) ("2015 TCPA Order").[22] "The statute [] specifies that the appropriate remedy is 'an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.'" Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1250 (11th Cir. 2014) (quoting 47 U.S.C. § 227(b)(3)(B)). "Treble damages are also available for knowing or willful violations." Id. (citing 47 U.S.C. § 227(b)(3)(C)). Thus, in order for Plaintiff to prove that Defendant violated the TCPA with respect to Plaintiff, as well as how many such

---

[19] Involving calls made to a cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii). See Affidavit of D. Mitchell, ¶¶ 18, 19, 21.

[20] Murphy v. DCI Biologicals Orlando, LLC, 59 Communications Reg. (P&F) 905, 2013 WL 6865772, *4 (M.D. Fla. 2013), aff'd, 797 F.3d 1302 (11th Cir. 2015).

[21] (quoting In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 559, 564, 2008 WL 65485 (Jan. 4, 2008) (hereafter the "2008 FCC Ruling")). See Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1121 (11th Cir. 2014) (holding that the "[t]he 2008 FCC Ruling [] has the force of law" and explaining that "district courts lack jurisdiction to consider claims to the extent they depend on establishing that all or part of an FCC order subject to the Hobbs Act is 'wrong as a matter of law' or is 'otherwise invalid.'").

See also Smith v. Markone Fin., LLC, 3:13-CV-933-J-32MCR, 2015 WL 419005, at *3 (M.D. Fla. 2015) (same).

[22] See also Osorio, infra, 746 F.3d at 1255-56; In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 15391, 15398 (2012) ("2012 TCPA Order") ("requests to stop receiving voice calls ... can be confirmed during the same call in which a consumer has expressed a desire to opt out").

violations it committed, and whether such violations were "willful or knowing," he must establish each instance that Defendant called him on his cellular telephone using an ATDS or prerecorded message, and whether any such instances occurred after Defendant was instructed to stop calling.

Establishing the use of an ATDS turns on a highly technical analysis of a defendant's telecommunications systems (including software and equipment) and the FCC orders defining the scope of such technology under the TCPA.[23] Plaintiff's expert, Randall A. Snyder, in his Declaration, which was prepared after having reviewed Keesler's discovery responses and Defendant's Rule 30(b)(6) deposition testimony, rendered the opinion that Defendant's telecommunications system, Interaction Client, constitutes an ATDS.[24] Moreover, Defendant's 30(b)(6) witness, Delma Powell, testified that each call placed by Defendant using this system transmits a prerecorded voice message at the beginning of the call.[25] Thus, the date the system was acquired by Keesler, and the date of each call it placed to Plaintiff's cellular telephone number, are facts that are essential to the resolution of Plaintiff's TCPA claim in this action. Defendant's Responses to several of Plaintiff's Requests for Production, however, provide only the non-specific statement that the Interaction Client system was acquired "sometime in late 2014 or early 2015", and Defendant's 30(b)(6) witness was unable to provide any further clarification as to when this occurred, stating only that Defendant possessed copies of its acquisition agreement for this system – the very materials that Defendant failed to produce in response to Plaintiff's request for this specific information.[26]

---

[23] Congress delegated authority to the FCC to implement the TCPA. See 47 U.S.C. § 227(b)(2). "District courts may not determine the validity of FCC orders, including by refusing to enforce an FCC interpretation, because '[d]eeming agency action invalid or ineffective is precisely the sort of review the Hobbs Act delegates to the courts of appeals in cases challenging final FCC orders.'" Murphy v. DCI Biologicals Orlando, LLC, 797 F.3d 1302, 1306-07 (11th Cir. 2015) (citations omitted).

[24] See Exhibit "I" to Plaintiff's Motion to Compel (Dkt. 58-9), Declaration of Randall Snyder.

[25] See Exhibit "F" to Plaintiff's Motion to Compel (Dkt. 58-6), Depo. D. Powell, p. 112:21 to 115:15.

[26] See Plaintiff's Motion to Compel (Dkt. 58), p. 16-18; Affidavit D. Mitchell, ¶ 18.

Defendants' refusal to provide materials evidencing when it acquired the Interaction Client system, and identifying the date of each call it made to the Plaintiff's cellular telephone number and the notes Defendant made upon speaking with Plaintiff, has prevented Plaintiff from obtaining evidence necessary to establish which, and how many, of the Defendant's calls to Plaintiff's cellular telephone number were made using an ATDS or prerecorded voice, as well as evidence relevant to Defendant's affirmative defense of prior express consent, and Plaintiff's allegation that the violations of the TCPA were willful or knowing.[27] Likewise, as stated in Plaintiff's Motion to Compel, the requested recordings are essential to the Plaintiff's case as the recordings may evidence Plaintiff's request that Defendant cease calling, as alleged by Plaintiff in the Complaint.[28]

As demonstrated above and in the Affidavit of David P. Mitchell, Defendants' refusal to provide documents reflecting the date Defendant placed each call to Plaintiff's cellular telephone number and any notes it made upon speaking with Plaintiff, the date upon which it acquired the Interaction Client system, and the recordings that may evidence Plaintiff's instructions to Defendant to cease calling, directly prevent Plaintiff from proving the elements of his TCPA claim and opposing Defendant's Motion for Summary Judgment.[29] Accordingly, pursuant to the above authority, Plaintiff has satisfied his Rule 56(d) burden by demonstrating "(1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." McCollum, supra, 2012 WL 3811750, at *3.

---

[27] See Complaint (Dkt. 1), ¶ 43.

[28] See See Affidavit of D. Mitchell, ¶ 19; Plaintiff's Motion to Compel (Dkt. 58), p. 15-16; Complaint (Dkt. 1), ¶¶ 17-18.

[29] See Affidavit of D. Mitchell, ¶ 19.

### III. <u>Conclusion</u>

For the foregoing reasons, Plaintiff, STEVEN W. HOLLAND, respectfully requests that this Court grant his Rule 56(d) Motion, and enter an order staying, or denying without prejudice, Defendant's Motion for Summary Judgment (Dkt. 42), with leave to reassert once the parties have concluded discovery, and once this Court has ruled on Plaintiff's Motion to Compel (Dkt. 58) and Defendant has provided any additional discovery materials subject to that ruling.

Respectfully submitted this 20th day of September, 2016.

>*/s/David P. Mitchell*
>David P. Mitchell, Esq.
>Admitted *pro hac vice*
>Florida Bar No. 067249
>MANEY & GORDON, P.A.
>101 East Kennedy Blvd., Suite 3170
>Tampa, Florida 33602
>Telephone: (813) 221-1366
>Fax: (813) 223-5920
>d.mitchell@maneygordon.com
>v.marrero@maneygordon.com
>Counsel for Defendant/Counterclaimant
>
>*and*
>
>Walter J. Blessey, IV, Esquire
>MSB No.: 3592
>WALTER J. BLESSEY, IV
>1012 Beach Blvd.
>P.O. Box 183
>Biloxi, MS 39533-0183
>Tel: (228) 374-7022
>blesseyiv@yahoo.com
>Counsel for Defendant/Counterclaimant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of September, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notice of electronic filings via the Court's ECF system to all CM/ECF participants.

>*/s/David P. Mitchell*
>David P. Mitchell, Esq.