**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**STEVEN W. HOLLAND**                                                  **PLAINTIFF**

**v.**                                                  **CIVIL NO. 1:15-cv306-HSO-JCG**

**KEESLER FEDERAL CREDIT UNION**                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT KEESLER FEDERAL CREDIT UNION'S MOTION
FOR SUMMARY JUDGMENT [42], AND GRANTING PLAINTIFF'S
FEDERAL RULE OF CIVIL PROCEDURE 56(d) MOTION [60]**

BEFORE THE COURT is Defendant Keesler Federal Credit Union's Motion

for Summary Judgment [42] filed July 29, 2016, and Plaintiff Steven W. Holland's

Federal Rule of Civil Procedure 56(d) Motion [60] filed in response on September 20,

2016.  Having considered the parties' submissions, the record as a whole, and

relevant legal authority, the Court is of the opinion that Defendant's Motion for

Summary Judgment [42] should be denied, and Plaintiff's Rule 56(d) Motion [60]

should be granted.

## I.  BACKGROUND

A.    Factual Background

On March 8, 2010, the late Claude A. Holland and Bobbie B. Holland,

husband and wife, executed a Promissory Note in the amount of $155,000.00

payable to Defendant Keesler Federal Credit Union ("Keesler") secured by a Deed of

Trust on their house at 20 Oakwood Drive, Gulfport, Mississippi 39507 (the

"Subject Property").  Aff. Delma Powell ("Powell") [42-7] at 1-2.  On September 2,

2013, Plaintiff Steven W. Holland's ("Plaintiff") mother, Bobbie B. Holland, who was

predeceased by her husband, passed away.  Compl. [1] at 2.  Plaintiff and his brothers James Holland and Scott Allen Holland ("Scott"), are the children of the late Claude A. Holland and Bobbie B. Holland (collectively, "Parents").  Pl. Dep. [67-2] at 5.

Plaintiff alleges that after their mother's death, he and Scott "spoke with a representative of Keesler" named "Cindy" to inform Keesler of their mother's death, and that they subsequently provided Keesler with a copy of her death certificate. *Id*. at 3, 9.  Scott then spoke with a "Ms. Hallman" who agreed on behalf of Keesler to accept "an interest-only payment for six months so that [they] could figure out what [they] were going to do" with the Subject Property.  *Id*. at 10.  Scott began making interest-only payments to Keesler on the Promissory Note.  *Id*.  At some point, Scott informed Plaintiff that a new "collection agent" had taken over the account and that they were now required to pay the full monthly amount of the Note as well as catch up the outstanding amounts due on the prior monthly payments.  *Id*.  Plaintiff made "six to eight" payments to Keesler in varying amounts.  *Id*. at 11-12.

On January 29, 2015, Kelly M. Poulos ("Poulos"), an employee of Keesler, wrote Plaintiff and returned a check from him in the amount of $1,400.00.  Poulos informed Plaintiff that Keesler would "no longer accept payments or payment arrangements on this loan" because the Subject Property had not been "placed on the market and sold," and Keesler had "no other choice but to call the [N]ote due to

protect our interest in the property." Poulos Letter [42-12] at 1.  In response, on February 4, 2015, Plaintiff wrote Poulos to notify Keesler that improvements were being made to the house prior to putting it on the market, and to request that Keesler respond to his request for a loan modification.  Pl. Letter [42-12] at 2-3. Plaintiff provided his office and cellular telephone numbers, and asked that Keesler call him to discuss the matter.  *Id.*  After receiving no response to his February letter, Plaintiff wrote Keesler twice more, on March 2, 2015, and April 6, 2015, asking that Keesler transfer the title to the Subject Property into Plaintiff and Scott's names pursuant to "Federal law, as well as State of Mississippi statutes regarding the transfer or (sic) real property to the heirs of deceased parents," and asserting that the "Garn St. Germain Depository Institutions Act of 1982 prohibits any due on sale clause from being invoked" such that Keesler's acceleration of the mortgage was improper.  Pl. Letters [42-12] at 4, 5.

Keesler purchased the Subject Property at a foreclosure sale on June 9, 2015, pursuant to the terms of the Deed of Trust.  Keesler Mem. in Supp. [43] at 2. Plaintiff learned of the foreclosure sale when a "locksmith came onto the property and changed the locks and told my son that, yes, Keesler had foreclosed on the property and that we no longer owned it."  Pl. Dep. [67-2] at 28.

On August 3, 2015, Keesler filed a "Complaint for Unlawful Entry and Detainer" in the County Court of Harrison County, Mississippi, naming as Defendants Plaintiff's Parents and "any other unknown tenants or occupants" of the

Subject Property.  Keesler Mem. in Supp. [43] at 2.  Plaintiff was aware of the Complaint and that a hearing was set for September 2, 2015; however, he did not attend.  Pl. Dep. [67-2] at 29.  A "Judgment in Unlawful Detainer" was entered on September 2, 2015.  J. [42-4] at 1-2.

B.   Procedural Background

On September 15, 2015, Plaintiff filed a Complaint [1] in this Court against Keesler advancing two causes of action: (1) Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and (2) Wrongful Foreclosure under the Garn St. Germain Depository Institutions Act, 12 U.S.C. § 1701j-3(d).  Compl. [1] at 7-9.  Plaintiff seeks a judgment for compensatory damages, punitive damages, costs, and interest.  *Id*.

Keesler filed its Motion for Summary Judgment [42] on July 29, 2016.  Kessler asserts that: (1) Keesler did not violate the TCPA because Keesler does not have an "automated telephone dialing system," Keesler Mem. in Supp. [43] at23-28; Powell Aff. [42-7] at 2; and (2) Keesler did not wrongfully foreclose because "following the death" of the Parents, "the Note went into default due to non-payment," and the "lawful foreclosure" occurred when the default was not "cured," Keesler Mem. in Supp. [43] at 10; Powell Aff. [42-7] at 2.

On September 20, 2016, Plaintiff filed a Rule 56(d) Motion in Opposition [60] alleging in pertinent part that

> In order for Plaintiff to establish his claim that Defendant violated the TCPA with respect to the Plaintiff, he will be required to

prove the two elements of a TCPA claim: that Defendant made (1) a call to Plaintiff's cellular telephone; (2) using an "automatic telephone dialing system" ("ATDS") or an "artificial or prerecorded voice."

David P. Mitchell Aff. [62] at 3, ¶ 8.  Plaintiff contends that

> [a]s of the date of the filing of this Motion, Plaintiff has still not received many of the essential discovery materials that would enable him to properly respond to Defendant's Motion for Summary Judgment (Dkt. 42) and Memorandum of Law in Support Thereof (Dkt. 43), which materials are within Defendant's exclusive possession and control. For this specific reason, Plaintiff cannot currently present facts essential to justify his opposition [to] Defendant's Motion for Summary Judgment (Dkt. 42) and Memorandum of Law in Support Thereof (Dkt. 43).

Pl. Rule 56 (d) Mot. [60] at 1.  Plaintiff requests that the Court either stay or deny Keesler's Motion for Summary Judgment pending the completion of discovery and/or the entry of an order on Plaintiff's pending Motion to Compel [57].  *Id*. at 2. Plaintiff maintains that "Defendant's withholding of the discovery materials outlined in Plaintiff's Motion to Compel (Dkt. 58) has directly prevented Plaintiff from obtaining evidence necessary to establish the elements of his TCPA claim and to oppose Defendant's Motion for Summary Judgment (Dkt. 42)."  Pl. Mem. in Supp. [61] at 5-13; Aff. David P. Mitchell [62] at 1-6.

In its Rebuttal [69] in support of its Summary Judgment Motion, Keesler maintains that it is entitled to summary judgment on both the TCPA and wrongful foreclosure claims because

> Plaintiff wholly ignores (or concedes) Defendant's arguments regarding the Plaintiff's claim for wrongful foreclosure, and only responds (insufficiently) to Defendant's arguments regarding alleged violation of the Telephone Consumer Protection Act ("TCPA").  However, Plaintiff summarily fails to provide any sworn proof or evidence as to any of

Plaintiff's allegations in the Complaint. There is absolutely nothing before the Court which is sworn to which supports any element of any claim in the Complaint (save one self-serving, conclusory affidavit executed by Plaintiff's own lawyer, for the proposition that the Plaintiff needs more time to respond and more discovery).

Rebuttal [69] at 2.

## II. DISCUSSION

A.   Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the nonmoving party." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Cox*, 755 F.3d at 233); *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).  Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If the movant fails to carry the initial burden, "summary judgment must be denied – even if the nonmoving party has not responded to the motion." *John v. Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985) (citation omitted).

If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant, general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). An actual controversy exists "when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quotation omitted).

B.    Federal Rule of Civil Procedure 56(d) Standard

Federal Rule of Civil Procedure 56(d) provides that:

[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1)    defer considering the motion or deny it;
(2)    allow time to obtain affidavits or declarations or to take discovery; or
(3)    issue any other appropriate order.

Fed. R. Civ. P. 56(d). A party seeking relief under Rule 56(d) must show that it has exercised due diligence in the pursuit of discovery. *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (citation omitted). The party cannot rely on vague assertions but must show why he needs additional discovery and how that discovery will create a genuine issue of material fact. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016). A request to stay under this Rule must also "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting Rule 56(d)).

Under Rule 56(d), deferring summary judgment is appropriate if the non-moving "shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify" his opposition to a summary judgment motion. *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016) (citation omitted). Rule 56(d) discovery motions are "broadly favored and should be liberally granted." *Smith,* 827 F.3d at 422-23 (quotation omitted).

C.    Analysis

Keesler filed its Motion for Summary Judgment [42] on July 29, 2016. Kessler's Motion asserts that: (1) Keesler did not violate the TCPA because Keesler does not have an "automated telephone dialing system," Keesler Mem. in Supp. [43]

at 23-28; Delma Powell Aff. [42-7] at 2; and (2) Keesler did not wrongfully foreclose because "following the death" of the Parents, "the Note went into default due to non-payment," and the "lawful foreclosure" occurred when the default was not "cured," Keesler Mem. in Supp. [43] at 10; Delma Powell Aff. [42-7] at 2.  Having considered the parties' submissions, the record as a whole, and relevant legal authority, the Court is of the opinion Defendant's Motion for Summary Judgment [42] should be denied, and Plaintiff's Rule 56(d) Motion [60] should be granted.

1. <u>Keesler has not met its burden to prove that there exist no genuine issues of material fact as to whether Keesler violated the TCPA.</u>

Keesler argues that Plaintiff has failed to set forth any documentation or facts to support its TCPA claim.  In his Rule 56(d) Motion, Plaintiff asserts that Keesler has failed to produce the documentation that would have provided Plaintiff with these facts.

For example, in his Requests for Production of Documents, Plaintiff sought copies of documents related to Keesler's loan on the Subject Property and to the phone calls made by Keesler to Plaintiff's cell phone.  In responding to the Requests, Keesler admits that it has documents responsive to Plaintiff's Requests, but objects to their production, as follows:

> KFCU maintains collection call logs relating to the loan made to Claude Holland and Bobbie Holland. KFCU objects to currently producing documents relating to the loan of Bobbie Holland and Claude Holland as the same are or may be protected by the Fair Credit Reporting Act of 1970 ("FCRA"), Gramm-Leach-Bliley Act ("GLBA)", and Right to Financial Privacy Act ("RFPA"), among other various federal laws. In order to produce any such documents, Defendant must be provided with

an executed waiver and authorization to release the same from the duly
authorized representative of Bobbie Holland and Claude Holland.

*See* Keesler Mem. in Opp'n [68] to Pl. Mot. to Compel [57] at 11-18.

It appears to the Court that the documents requested by Plaintiff are
relevant and necessary in order for Plaintiff to attempt to prove his TCPA
claim and to oppose Defendant's Motion for Summary Judgment.  Keesler's
objection to the production of the requested documents consists of a broad
sweeping reference to federal statutes, and does not provide any case
authority that supports its interpretation of the federal laws as applied to the
facts of this case.

Plaintiff also argues that Keesler failed to produce documentation that
would prove that Keesler did, during the relevant time period, have an
automated telephone dialing system, although Keesler maintains in its
Motion [42] that it did not.  Keesler Mem. in Supp. [43] at 23-28; Delma
Powell Aff. [42-7] at 2.  To support its position, Keesler offers Powell's July
29, 2016, Affidavit in which Powell avers that Keesler "does not have an
'automated calling system,' or, an 'autodialer.'"  Keesler Mem. in Supp. [43] at
24 (citing Powell Aff. [42-7]).

Plaintiff counters with Powell's September 13, 2016, Rule 30(6)(b)
Deposition testimony on behalf of Keesler.  *See* Keesler Rule 30(6)(b) Depo.
[58-6].  Plaintiff posits that Keesler, through its designee Powell, admitted
that Keesler acquired an "Interactive Client system" in late 2014 or early

2015, that Keesler possesses copies of the acquisition agreement, and that
Keesler utilizes a prerecorded message at the beginning of every collection
call.  Mem. Rule 56(d) Mot. [61] at 11-12; *see also* Keesler Rule 30(6)(b) Depo.
[58-6] at 17, 28-29.   Keesler's Rebuttal does not address the issue of whether
Keesler's utilization of a prerecorded message at the beginning of collection
calls to Plaintiff's cell phone could potentially qualify as a TCPA violation,
nor does it address Powell's testimony that "copies of contracts" reflecting the
purchase of "systems and software" exist.

Viewing Keesler's Motion in the light most favorable to Plaintiff, the
Court finds that at this juncture Keesler's Motion for Summary Judgment on
the issue of Plaintiff's TCPA claim should be denied as premature, Plaintiff's
Rule 56(d) Motion should be granted, and Plaintiff should be allowed to
conduct further discovery as to the TCPA claim.

    2.  <u>Keesler has not demonstrated the absence of a material fact question as to whether Keesler wrongfully foreclosed on the Subject Property.</u>

Viewing the summary judgment record in the light most favorable to
Plaintiff, a fact question remains at this juncture on whether Defendant's
foreclosure on the Subject Property may have violated the Garn St. Germain
Depository Institutions Act, 12 U.S.C. § 1701j-3.  This Act preempts state law and
allows a lender to exercise a due-on-sale clause if a borrower sells or otherwise
transfers property without prior written consent.  *See* 12 U.S.C. § 1701j-3(a)(1).
However, the Act exempts certain transfers including "a transfer to a relative

11

resulting from the death of a borrower." *See Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 460 (S. D. Tex. 2012) (quoting 12 U.S.C. § 1701j-3(d)(5)).

Plaintiff asserts, and Keesler does not deny, that he is one of three children of the late Parents who executed the Promissory Note and Deed of Trust on the Subject Property.  Under Mississippi law, in the absence of a will otherwise devising the property, pursuant to Mississippi Code Annotated § 91-1-3[1] title to a decedent's property "automatically vests in [their] lawful heir or heirs upon [their] death without instituting any legal proceedings."  *In re Will of Wilcher v. Wilcher*, 994 So. 2d 170, 174-76 (Miss. 2008); *see also In re Estate of Mace v. Gardner*, 66 So. 3d 1265, 1268 n.1 (Miss. Ct. App. 2011) ("by operation of law, in the absence of a will, title of real property vests immediately in the heirs at law upon the owner's death").

Under Mississippi law, it appears that upon his mother's death, Plaintiff automatically inherited some share of the Subject Property by operation of law.[2]  If Keesler initiated foreclosure on the Subject Property based upon the death of Plaintiff's mother and the transfer of title to the Subject Property to Plaintiff,

---

[1] Mississippi Code Annotated § 91-1-3 provides in pertinent part that "[w]hen any person shall die seized of any estate of inheritance in lands, tenements, and hereditaments not devised, the same shall descend to his or her children . . . in equal parts . . . ."

[2] Neither party has referenced or attached any document purporting to be Bobbie B. Holland's will.  Based upon the record before the Court, it appears that she died intestate.

Keesler may have violated § 1701j-3(d)(5) of the Garn St. Germain Depository Institutions Act.

Keesler maintains that foreclosure was lawfully initiated because the Note was in default.  Keesler Mem. [43] at 10; Powell Aff. [42-7] at 2.  Plaintiff responds that he and his brother Scott had made payments on the Note and that it was current until the date Keesler returned a check in the amount of $1,400.00 and informed him that it was going to "call the note" to protect its interest in the Subject Property.  Plaintiff Dep. [25] at 11-13, 25-26; Poulos Letter [42-12] at 1.

At this summary judgment stage, the Court may not "weigh the evidence" or make "credibility determinations."  *Heinsohn v. Carabin & Shaw*, 832 F.3d 224, 245-46 (5th Cir. 2016).  At this stage of the case and based upon the present briefs and evidence before it, the Court cannot say that no genuine material issues of fact exist as to whether the foreclosure of the Subject Property was conducted in violation of federal law.  Defendant's Summary Judgment Motion as to the wrongful foreclosure claim should be denied.

### III.  CONCLUSION

Defendant Keesler Federal Credit Union has not carried its summary judgment burden and its Motion for Summary Judgment [42] will be denied. Plaintiff Steven W. Holland's Federal Rule of Civil Procedure 56(d) Motion [60] will be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Keesler Federal Credit Union's Motion for Summary Judgment is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Steven W. Holland's Federal Rule of Civil Procedure 56(d) Motion [60] will be **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED that t**he parties are directed to contact the Magistrate Judge within 14 days to obtain an amended Case Management Order.

**SO ORDERED** this the 22nd day of December, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE