**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**STEVEN W. HOLLAND**                                                    **PLAINTIFF**

**VS.**                                                    **CAUSE NO. 1:15CV306 HSO-JCG**

**KEESLER FEDERAL CREDIT UNION**                              **DEFENDANT**

**SECOND MOTION TO STRIKE THE OPINIONS AND TESTIMONY
OF RANDALL A. SNYDER, EXPERT WITNESS OF THE PLAINTIFF**

COMES NOW the Defendant, Keesler Federal Credit Union (hereinafter also referred to

as "Defendant" or "KFCU") by and through its attorneys of record, Schwartz, Orgler & Jordan,

PLLC, and Rushing & Guice, PLLC, and files this Second Motion to Exclude the Opinions and

Testimony of Randall A. Snyder, Expert Witness of the Plaintiff, STEVEN W. HOLLAND

("Plaintiff" or "Holland"), and would respectfully show unto this Court the following, to wit[1]:

1.

On September 15, 2015, Steven W. Holland filed suit against KFCU for alleged violation

of the Telephone Consumer Protection Act of 1991 ("TCPA") and for an alleged wrongful

foreclosure under the Garn-St. Germain Depository Institutions Act ("GSGDIA").  The

complaint seeks unspecified damages for alleged violations of the TCPA by the use of an

automated dialing system ("ATDS") by KFCU in the collection of a debt regarding the former

residence of Bobbie B. Holland, the mother of the Plaintiff, and an alleged wrongful foreclosure

---

[1] Defendant is simultaneously filing five (5) motions for partial summary judgment in this case, and hereby incorporates said motions in this motion as if transcribed in full.  Defendant would further show unto the Court that, should the Plaintiff's expert be stricken, Defendant would also be entitled to summary judgment on the TCPA claim as a result of Plaintiff's lack of expert testimony to dispute Defendant's expert or otherwise prove necessary elements of Plaintiff's claims.

of the subject property in violation of the GSGDIA. It is the position of KFCU that it did not

violate the TCPA, or the GSGDIA, and the foreclosure sale was valid and proper in all respects.

Furthermore, the Defendant does not possess or employ an "automated calling system", or, an

"autodialer" for its mortgage loan debt collection purposes.

2.

The Plaintiff has designated Randall A. Snyder ("Snyder") as an expert witness for the

Plaintiff, "to provide expert testimony with respect to an evaluation and analysis of electronic

data relating to the outbound calls placed by Defendant to Plaintiff's cellular telephone number;

analysis and data warehousing relating to the telephone dialing system used by Defendant to

place the calls at issue to Plaintiff; technical analysis related to the use, components, technical

interface and operation of automatic telephone dialing systems ("autodialers"); data warehousing

regarding the compilation of outbound dial lists used and maintained by the Defendant; the

creation and use of databases containing cell block identifiers and ported numbers lists, both of

which identify cellular telephone numbers." (Exhibit "A" - "Expert Disclosures of Plaintiff,

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure," as provided by Plaintiff to

Defendant on March 1, 2016 ).

3.

The testimony of the Plaintiff's retained expert, Snyder, should be excluded as the

Plaintiff failed to provide the items required by the Rule 26.

4.

The opinions and testimony of Snyder should further be excluded pursuant to Rules 702

and 704 of the Federal Rules of Evidence because his testimony would amount to inadmissible

conclusions outside the realm of skill, knowledge and expertise of the purported expert and contains improper legal conclusions. Additionally, Snyder's opinions are not founded upon any proper documentary evidence, include sheer speculation and/or conjecture, and are based upon the incorrect application of a legal standard. Finally, Snyder's methodology, as well as his conclusions, are inadmissable because they are unreliable under *Daubert v. Merrell Dowell Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

5.

Based upon the same, Snyder: (a) is not qualified to testify and has provided no expert report, (b) his opinions (if any exist) would be unreliable under the standard set by the Supreme Court in *Daubert v. Merrell Dowell Pharmaceuticals, Inc.*, (c) his opinions (if any exist) would amount to inadmissible legal conclusions; and (d) his opinions (if any exist) are unnecessary and unhelpful to the trier of fact.

6.

The Plaintiff's Motion is premised on the arguments and authority presented in its Memorandum in Support of Motion to Exclude the Opinions and Testimony of Defendant's Expert, Randall A. Snyder, filed simultaneously herewith.

7.

In addition, the Plaintiffs rely upon the following documents attached hereto:

1.      Exhibit "A" - "Expert Disclosures of Plaintiff, Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure," as provided by Plaintiff to Defendant on March 1, 2016;

2.    Exhibit "B" - "Curriculum Vitae" of Randall A. Snyder, as provided by Plaintiff

to Defendant on March 1, 2016;

3.    Exhibit "C" -   Declaration of Randall Snyder, excluding exhibits;

4.    Exhibit "D" -   Copy of Order Granting Motion to Exclude Expert Testimony of

Randall A. Snyder, *Legg v. Voice Media Group, Inc.*, Case No. 13-62044-CIV-

COHN/SELTZER (May 2, 2014) (S.D. Fla. 2014);

5.    Exhibit "E" -   Copy of Memorandum Opinion Granting Summary Judgment in

the case of *Dominquez v. Yahoo!, Inc.*, 8 F. Supp. 3d 637 (E.D. Penn. 2014);

6.    Exhibit "F" - Case Management Order [Doc. 9];

7.    Exhibit "G" - Notice of Service of Plaintiff's Designation of Expert Witness

[Doc. 17];

8.    Exhibit "H" - Complaint [Doc. 1];

9.    Exhibit "I" - Answer and Affirmative Defenses [Doc. 5];

10.    Exhibit "J" - Expert Report of Ray Horak, Defendant's Expert Witness.

11.    Exhibit "K"- Supplemental Affidavit of Delma Powell;

12.    Exhibit "L"- Deposition Transcript of Randall Snyder, dated September 30, 2016;

13.    Exhibit "M"- Excerpt of Deposition Transcript of Delma Powell, dated August

29, 2016.

14.    Exhibit "N" - Supplemental Report of Ray Horak, Defendant's Expert Witness.

WHEREFORE, PREMISES CONSIDERED, KFCU respectfully requests that this Court

grant the relief sought in its Motion and will Strike the Plaintiff's Expert Designation and

Exclude the Testimony of Randall A. Snyder.  KFCU further prays for any other and further

relief as this Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED, this March 20, 2017.

KEESLER FEDERAL CREDIT UNION
BY:   SCHWARTZ, ORGLER & JORDAN, PLLC

BY:  /s Robert T. Schwartz
     ROBERT T. SCHWARTZ, For the Firm

ROBERT T. SCHWARTZ, ESQ. (MSB# 10482)
CHRISTIAN J. STRICKLAND, ESQ. (MSB# 104474)
Schwartz, Orgler & Jordan, PLLC
2355 Pass Road
Biloxi, MS 39531
Telephone: (228) 388-7441
Facsimile: (228) 388-7442
robert@sojlaw.net
christian@sojlaw.net

William Lee Guice III, Esq. (MSB # 5059)
Rushing & Guice, PLLC
1000 Government Street, Ste. E
Ocean Springs, MS 39564-3816
(228) 374-2313
bguice@rushingguice.com

## CERTIFICATE OF SERVICE

I, ROBERT T. SCHWARTZ, ESQ., do hereby certify that I have this date filed by ECF the foregoing pleading, which service sent a true and correct copy of the above and foregoing Pleading to the following:

Walter J. Blessey, Esq.
P.O. Box 183
Biloxi, MS 39533

David Mitchell, Esq.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602

This March 20, 2017.

 /s Robert T. Schwartz
ROBERT T. SCHWARTZ

Page 5 of  5