# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**STEVEN W. HOLLAND**                                                                                      **PLAINTIFF**

**v.**                                                               **CIVIL NO. 1:15-cv306-HSO-JCG**

**KEESLER FEDERAL CREDIT UNION**                                       **DEFENDANT**

## ORDER GRANTING PLAINTIFF STEVEN W. HOLLAND'S
## MOTION FOR RECONSIDERATION [101]

BEFORE THE COURT is Plaintiff Steven W. Holland's Motion for Reconsideration [101] of the Court's Text Only Order denying Plaintiff's Motion [99] for time. This Motion is fully briefed. After consideration of the Motion, the record as a whole, and relevant legal authority, the Court finds that the Motion should be granted. Plaintiff is directed to re-file his proposed Motion to Strike, previously docketed as Document 100, and his proposed supporting Memorandum [100-1] within three (3) days of the entry of this Order.

## I. RELEVANT PROCEDURAL HISTORY

A.     Motions to Amend the Case Management Order

The Case Management Order [9] was entered on December 4, 2015, establishing the deadline for Plaintiff Steven W. Holland ("Plaintiff") to file his expert designation as March 1, 2016, and the parties' deadline for filing *Daubert* and dispositive motions as May 23, 2016. The trial was originally scheduled for October 2016. Order [9] at 4-5. A review of the record reflects numerous motions to amend the Case Management Order or extend deadlines have been filed.

On March 31, 2016, Defendant filed an Unopposed Motion [22] requesting an additional 30 days from the date Plaintiff served his expert report in which to file Defendant's expert report. Defendant's Motion stated in part as follows:

> Discovery is progressing in this matter. However, although the Plaintiff filed its (sic) notice of service of designation of experts on March 1, 2016, and has provided to counsel for the Defendants a listing of prior testimony of its designated expert, the Plaintiff has failed to provide the Defendant with the following expert disclosures required by Rule 26:
>
> (i) **a complete statement of all opinions the witness will express and the basis and reasons for them;**
> (ii) **the facts or data considered by the witness in forming them;**
> (iii) **any exhibits that will be used to summarize or support them;**
> (iv) **the witness's qualifications, including a list of all publications authored in the previous 10 years;**
> (v) **a statement of the compensation to be paid for the study and testimony in the case.**

Mot. [22] at 1-2 (emphasis in original). The Court granted Defendant's Motion in an April 1, 2016, Text Order and amended the Case Management Order to extend Defendant's deadline for filing its expert designation to May 9, 2016.

Defendant then filed on May 6, 2016, a Joint Motion [34] with Plaintiff seeking additional time to designate experts. Defendant asserted that Plaintiff had still not served an expert report because Plaintiff's counsel reported that he had been "ill for several weeks and unable to work" or "travel." Mot. [34] at 1-2. The Court granted the parties' Motion in a May 10, 2016, Text Order and amended the Case Management Order to extend: (1) Defendant's deadline to designate experts to June 17, 2016; (2) the discovery deadline to July 15, 2016; (3) the deadline for

dispositive and *Daubert* motions to July 29, 2016; and (4) the trial date to April 2017.

On July 14, 2016, Plaintiff filed a Motion [39] seeking an additional 60-day extension of deadlines for the completion of discovery and the filing of dispositive and *Daubert* motions. Mot. [34] at 1-8.

The Court's August 19, 2016, Text Order granted in part and denied in part Plaintiff's Motion [39. The Court's August 19, 2016, Text Only Amended Case Management Order required that Plaintiff's deposition be taken on August 29, 2016, and that Defendant's Rule 30(b)(6) representative's deposition be taken on August 30, 2016. The Order further extended deadlines for: (1) Plaintiff to supplement his expert's designation by September 9, 2016; (2) completion of discovery by September 26, 2016; and (3) the filing of dispositive and *Daubert* motions by October 10, 2016. The Order admonished the parties that

> NO FURTHER EXTENSIONS WILL BE GRANTED ABSENT EXTRAORDINARY CIRCUMSTANCES.

Also, on August 15, 2016, Plaintiff filed a Motion [46] seeking an additional 21 days to respond to Defendant's previously filed Motion for Summary Judgment [42] and Motion to Strike [44] Plaintiff's expert. On August 30, 2016, the Court determined that Plaintiff's Motion should be granted and his deadline for responding to these particular Motions was extended until September 6, 2016. Order [52] at 1-2.

3

On September 6, 2016, Plaintiff filed a Second Motion [53] requesting an additional 14 days to respond to Defendant's Motion for Summary Judgment [42] and Motion to Strike [44] Plaintiff's expert, representing that he had just received deposition transcripts in this case and that he had "a week's worth" of depositions in other cases. The Court's September 15, 2016, Order [59] granted Plaintiff until Tuesday, September 20, 2016, to file the responses. Order [59] at 1-3.

On September 20, 2016, Plaintiff filed a Response [60] in Opposition to Defendant's Motion for Summary Judgment asserting that pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff needed additional time to complete discovery and respond to Defendant's Motion for Summary Judgment. The Court ultimately granted Plaintiff's Rule 56(d) Motion on December 12, 2016, and denied Defendant's Motion for Summary Judgment without prejudice. Mem. Op. and Order [74] at 1-14. On January 6, 2016, a Text Only Amended Case Management Order was entered which extended the discovery deadline until March 6, 2017, and the dispositive motion deadline until March 20, 2017.

On March 20, 2017, Plaintiff filed another Motion [93] requesting an additional 10 days to file a summary judgment motion and a motion to strike Defendant's expert, alleging that an immediate family member of Plaintiff's counsel had a medical emergency. By Text Order dated March 21, 2017, the Court granted Plaintiff's Motion for Extension of Time [93] "based upon counsel's representation of a medical emergency," and Plaintiff's deadline for filing his motions was extended to

Thursday, March 30, 2017. Plaintiff was once again admonished that: "NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED."

Finally, on the deadline of March 30, 2017, after Defendant timely filed its Motion for Summary Judgment [97], Plaintiff filed yet another Motion [99] seeking an additional day to file his summary judgment motion and motion to strike, alleging that following the medical emergency, Plaintiff's counsel spent the remainder of the 10-day extension preparing for and attending depositions "in a separate action pending in the United States District Court for the Middle District of Florida." Mot. [99] at 1-6. The Court's March 31, 2017, Text Order denied Plaintiff's Motion, admonishing Plaintiff that he "was previously advised that no further extensions would be granted."

B.  Plaintiff's Motion for Reconsideration [101]

Plaintiff's present Motion [101] asks the Court to reconsider its March 31, 2017, Text Only Order denying Holland's Motion for Extension of Time [99] and permit him to file only a Motion to Strike Defendant's expert and a supporting Memorandum. Mot. [101] at 1-5. Plaintiff asserts that his Motion [99] for an additional one day to file *Daubert* and summary judgment motions should have been granted in that he satisfied both the "good cause" and "excusable neglect" standards for requesting additional time under Federal Rules of Civil Procedure 6(b) and 16(b). Mot. Recons. [101 at 1-6. Plaintiff's counsel maintains that he was precluded from working on the motions in this case because of the medical

5

emergency followed by the "March 29-30" depositions "involving a separate federal case pending in the United States District Court for the Middle District of Florida."

Defendant's Response in Opposition [105] argues that Plaintiff has failed to proffer any good faith factual basis to support either his Motion for Time [99] or his Motion for Reconsideration [101]. Defendant takes the position that Plaintiff's assertion that he needed additional time due to depositions in another case does not rise to the level of good cause in that Plaintiff's counsel either knew about the depositions when he asked for the original "10 day" extension in this case, or scheduled them after the fact.

In Reply [106], Plaintiff acknowledges that he was probably "overly conservative" in seeking only a "10 day" extension considering the "unknowns with the trip to Texas and the always-difficult-to anticipate length of depositions." Reply [106] at 9. Plaintiff asks that the Court allow him to file his Motion to Strike Defendant's expert and the proposed supporting Memorandum. *Id*. at 12.

## II. DISCUSSION

A.  Relevant Legal Standard

After the entry of a case management order, a motion to amend the scheduling order is analyzed under Federal Rule of Civil Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent."

> To show good cause, the party seeking to modify the scheduling order has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v.*

> *US Bank Nat'l Ass'n,* 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (internal quotation marks and citation omitted). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (internal quotation marks and citation omitted).

*Squyres v. Helico Cos. LLC*, 782 F.3d 224, 237 (5th Cir. 2015).

An order denying an amendment to the scheduling order constitutes an interlocutory order because it "does not end the action as to any of the claims or parties." FED. R. CIV. P. 54(b). "Federal Rule of Civil Procedure 54(b) authorizes a district court to reconsider and reverse rulings on an interlocutory order 'for any reason it deems sufficient.'" *United States v. Renda,* 709 F.3d 472, 479 (5th Cir. 2013) (citing *Saqui v. Pride Ctr. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010)). A district court's decision to grant or deny reconsideration is reviewed for abuse of discretion. *Id.* at 478-79. "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Austin v. Kroger Texas*, No. 16-10502, 2017 US App. LEXIS 6479, at *6 (5th Cir. April 14, 2017) (quoting *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008)).

B. <u>Discussion</u>

Throughout this case, this Court has generously granted motions for extensions of time and requests to amend the Case Management Order; however, Plaintiff's counsel has repeatedly demonstrated an inability or unwillingness to

7

work within the confines of the Court's deadlines, even after being advised that further extensions would not be permitted. *See Draper v. KK Ford, LP*, 196 F. App'x 264, 265 (5th Cir. 2006) (denying an extension of a deadline because "[a] busy practice does not constitute excusable neglect."); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 495 (S.D. Texas 2009) (holding that a "burdensome schedule" does not constitute good cause).

After review of the Motion for Reconsideration [101], all related pleadings, the record as a whole, and relevant legal authority, however, the Court finds that Plaintiff should be granted one last extension because he did seek leave of Court for an additional day in which to file his Motion to Strike prior to the expiration of the deadline. The Motion for Reconsideration will be granted and Plaintiff shall, within three (3) days of the entry of this Order, refile his unedited Motion to Strike, previously docketed at [100], and his Memorandum [101-1] in Support. Plaintiff's counsel is cautioned that no further extensions of time will be permitted, and that any discrepancies between the previously submitted Motion to Strike [100] and Memorandum [101-1] in Support and the Motion and Memorandum Plaintiff files pursuant to this Order will not be permitted.

III. CONCLUSION

After consideration of the record and the relevant legal authority, the Court finds Plaintiff's Motion for Reconsideration [101] should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Steven W. Holland's Motion for Reconsideration [101] is **GRANTED**, and Plaintiff shall,

within three (3) days of the entry of this Order refile his unedited Motion to Strike, previously docketed at [100], and his Memorandum [101-1] in Support.

**SO ORDERED AND ADJUDGED** this the 16th day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE