IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEVEN W. HOLLAND                                                    PLAINTIFF

v.                                                    CIVIL NO. 1:15-cv306-HSO-JCG

KEESLER FEDERAL CREDIT UNION                                        DEFENDANT

### ORDER GRANTING DEFENDANT KEESLER FEDERAL CREDIT UNION'S MOTION [108] TO STRIKE PLAINTIFF STEVEN W. HOLLAND'S AMENDED RESPONSE [103] IN OPPOSITION TO DEFENDANT'S SECOND MOTION [83] TO STRIKE THE OPINIONS AND TESTIMONY OF RANDALL A. SNYDER

BEFORE THE COURT is Defendant Keesler Federal Credit Union's Motion [108] to Strike Plaintiff Steven W. Holland's Amended Response [103] in Opposition to Defendant's Second Motion [83] to Strike the Opinions and Testimony of Randall A. Snyder. This Motion is fully briefed. After consideration of the Motion, the record as a whole, and relevant legal authority, the Court finds that Defendant's Motion should be granted and Plaintiff's Amended Response [103] should be stricken from the record.

I. RELEVANT PROCEDURAL HISTORY

A.  Motions to Amend the Case Management Order

A review of the record reflects that throughout this proceeding, numerous motions to amend the Case Management Order or extend deadlines have been filed. The original Case Management Order [9] in this case was entered on December 4, 2015, establishing the deadline for Plaintiff Steven W. Holland ("Plaintiff") to file his expert designation as March 1, 2016, and the parties' deadline for filing *Daubert*

and dispositive motions as May 23, 2016. The trial was originally scheduled for October 2016. Order [9] at 4-5.

On March 31, 2016, Defendant filed an Unopposed Motion [22] requesting an additional 30 days from the date Plaintiff served his expert report in which to file Defendant's expert report. Defendant's Motion stated in part as follows:

> Discovery is progressing in this matter. However, although the Plaintiff filed its (sic) notice of service of designation of experts on March 1, 2016, and has provided to counsel for the Defendants a listing of prior testimony of its designated expert, the Plaintiff has failed to provide the Defendant with the following expert disclosures required by Rule 26:
>
> **(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;**
> **(ii)    the facts or data considered by the witness in forming them;**
> **(iii)   any exhibits that will be used to summarize or support them;**
> **(iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;**
> **(v)    a statement of the compensation to be paid for the study and testimony in the case.**

Mot. [22] at 1-2 (emphasis in original). The Court granted Defendant's Motion in an April 1, 2016, Text Order and amended the Case Management Order to extend Defendant's deadline for filing its expert designation to May 9, 2016.

Defendant then filed on May 6, 2016, a Joint Motion [34] with Plaintiff seeking additional time to designate experts. Defendant asserted that Plaintiff had still not served an expert report because Plaintiff's counsel reported that he had been "ill for several weeks and unable to work" or "travel." Mot. [34] at 1-2. The Court granted the parties' Motion in a May 10, 2016, Text Order and amended the

2

Case Management Order to extend: (1) Defendant's deadline to designate experts to June 17, 2016; (2) the discovery deadline to July 15, 2016; (3) the deadline for dispositive and *Daubert* motions to July 29, 2016; and (4) the trial date to April 2017.

On July 14, 2016, Plaintiff filed a Motion [39] seeking an additional 60-day extension of deadlines for the completion of discovery and the filing of dispositive and *Daubert* motions. Mot. [34] at 1-8. The Court's August 19, 2016, Text Order amended the Case Management Order to require that Plaintiff's deposition be taken on August 29, 2016, and that Defendant's Rule 30(b)(6) representative's deposition be taken on August 30, 2016. The Order further extended deadlines for: (1) Plaintiff to supplement his expert's designation by September 9, 2016; (2) completion of discovery by September 26, 2016; and (3) the filing of dispositive and *Daubert* motions by October 10, 2016. The Order admonished the parties that

> <u>NO FURTHER EXTENSIONS WILL BE GRANTED ABSENT EXTRAORDINARY CIRCUMSTANCES</u>.

Also, on August 15, 2016, Plaintiff filed a Motion [46] seeking an additional 21 days to respond to Defendant's previously filed Motion for Summary Judgment [42] and Motion to Strike [44] Plaintiff's expert. On August 30, 2016, the Court determined that Plaintiff's Motion should be granted and his deadline for responding to these particular Motions was extended until September 6, 2016. Order [52] at 1-2.

On September 6, 2016, Plaintiff filed a Second Motion [53] requesting an additional 14 days to respond to Defendant's Motion for Summary Judgment [42] and Motion to Strike [44] Plaintiff's expert, representing that he had just received deposition transcripts in this case and that he had "a week's worth" of depositions in other cases. The Court's September 15, 2016, Order [59] granted Plaintiff until Tuesday, September 20, 2016, to file the responses. Order [59] at 1-3.

On the deadline of September 20, 2016, Plaintiff filed a Response [60] in Opposition to Defendant's Motion for Summary Judgment asserting that pursuant to Federal Rule of Civil Procedure 56(d), he needed additional time to complete discovery and respond to Defendant's Motion for Summary Judgment. The Court ultimately granted Plaintiff's Rule 56(d) Motion on December 12, 2016, and denied Defendant's Motion for Summary Judgment without prejudice. Mem. Op. and Order [74] at 1-14. On January 6, 2016, a Text Only Amended Case Management Order was entered which extended the discovery deadline until March 6, 2017, and the dispositive motion deadline until March 20, 2017.

On March 20, 2017, Plaintiff filed another Motion [93] requesting an additional 10 days to file his summary judgment motion and a motion to strike Defendant's expert, alleging that an immediate family member of Plaintiff's counsel had a medical emergency. By Text Order dated March 21, 2017, the Court granted Plaintiff's Motion for Extension of Time [93] "based upon counsel's representation of a medical emergency," and Plaintiff's deadline for filing his motions was extended to

Thursday, March 30, 2017. Plaintiff was once again admonished that: "NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED."

Finally, on the deadline of March 30, 2017, after Defendant timely filed its Motion for Summary Judgment [97], Plaintiff filed yet another Motion [99] seeking an additional day to file his summary judgment motion and motion to strike, alleging that following the medical emergency, Plaintiff's counsel spent the remainder of the ten-day extension preparing for and attending depositions "in a separate action pending in the United States District Court for the Middle District of Florida." Mot. [99] at 1-6. The Court's March 31, 2017, Text Order denied Plaintiff's Motion, admonishing Plaintiff that he "was previously advised that no further extensions would be granted."

On March 31, 2017, Plaintiff filed a Motion [101] for Reconsideration asking the Court to reconsider its March 31, 2017, Text Only Order denying Plaintiff's Motion for Extension of Time [99], and allow him to file only a Motion to Strike Defendant's expert and supporting Memorandum. Mot. [101] at 1-5. The Court ultimately granted this Motion and allowed Plaintiff an additional three days to refile his Motion to Strike, previously docketed at [100], and his Memorandum [101-1] in Support.

On April 13, 2017, Plaintiff filed another Motion [110] seeking an additional 18 days to respond to Defendant's Motion [97] for Summary Judgment. Via Text Only Order the Motion was denied without prejudice. Later that same day, Plaintiff filed an Amended Motion [111] seeking an additional 18 days to respond to

5

Defendant's Motion [97] for Summary Judgment, and supplied the Court with additional information concerning counsel's schedule.  Plaintiff's Amended Motion [111] was granted in part and denied in part, and Plaintiff was permitted an additional eight days, or until April 21, 2017, to file his response.  On the deadline of April 21, 2017, Plaintiff filed his Response [114] to Defendant's Motion for Summary Judgment.

B. <u>Defendant's Motion [108] to Strike Plaintiff's Amended Response [103] in Opposition to Defendant's Second Motion [83] to Exclude Opinions and Testimony of Plaintiff's Expert Randall A. Snyder</u>

On March 20, 2017, Defendant filed its Second Motion to Strike [83] the opinions and expert testimony of Plaintiff's expert Randall A. Snyder.  Plaintiff's response was due no later than April 3, 2017, and on April 3, 2017, Plaintiff timely filed a Response in Opposition [102].  Plaintiff then filed, without seeking or obtaining leave of Court, an untimely Amended Response [103] on April 4, 2017.

Defendant responded with the present Motion [108] to Strike on April 10, 2017, asking the Court to strike Plaintiff's Amended Response [103].  Mot. to Strike [108] at 1-2.  Defendant argues that after Plaintiff timely filed his initial Response [102], he filed an untimely Amended Response [103] without leave of Court as required by Federal Rule of Civil Procedure 15.  Mem. [109] at 5.

Plaintiff maintains that Rule 15 is not applicable to his Amended Response because it is not a "pleading," that his original Response [102] was timely filed, that his Amended Response [103] was filed only one day later, and that Defendant "was

not prejudiced" because Defendant had the Amended Response for "five (5) days before it filed its Reply." Resp. in Opp'n [112] at 3-6.

## II. DISCUSSION

A.  Relevant Legal Standard

After the entry of a case management order, a motion to amend the scheduling order is analyzed under Federal Rule of Civil Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent."

> To show good cause, the party seeking to modify the scheduling order has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (internal quotation marks and citation omitted). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (internal quotation marks and citation omitted).

*Squyres v. Helico Cos. LLC*, 782 F.3d 224, 237 (5th Cir. 2015).

B.  Defendant's Motion to Strike [108] should be granted and Plaintiff's Amended Response [103] should be stricken as untimely filed and otherwise in violation of Local Uniform Civil Rule 7.

As previously stated, on April 3, 2017, Plaintiff timely filed his 13-page Response in Opposition [102] to Defendant's Second Motion to Strike [83] the opinions and expert testimony of Plaintiff's expert Randall A. Snyder. On April 4, 2017, however, after the deadline to respond had expired, Plaintiff filed an untimely

7

and unauthorized 31-page Amended Response [103] which, together with its attached Exhibits "A" – "D", total 280 pages.

Defendant's Motion to Strike [108] Plaintiff's Amended Response [103] followed. In responding to the present Motion to Strike [108], Plaintiff fails to offer any explanation why he was unable to timely file a complete response that would have required no amendments, nor does he claim that he discovered any additional evidence between the April 3, 2017, deadline and the April 4, 2017, filing of his Amended Response. Resp. in Opp'n M. to Strike [112] at 1-5. The only explanation offered by Plaintiff for the untimely and unauthorized Amended Response appeared in a footnote to the Amended Response, which stated in pertinent part that it had been filed to "correct the omission of exhibits, to correct certain typographical errors, and to supplement certain factual and legal positions relevant to Defendant's arguments." Am. Resp. [103] at 1 n.1.

After review of the Response and Amended Response, it appears to this Court that in lieu of seeking additional time, Plaintiff filed his timely Response [102] simply as a placeholder to satisfy Plaintiff's 14-day deadline for responding to Defendant's Second Motion [83] to Strike Plaintiff's expert. *See* L. U. CIV. R. 7. Plaintiff neither sought leave of Court for a one-day extension of time to submit a response, nor did he proffer any argument that would support such an extension. Apparently, in this instance Plaintiff was following the old axiom that is easier to beg for forgiveness than to seek permission.

The Court need not consider the four factors for amending the Case Management Order because Plaintiff's explanation for this late filing falls far short of establishing "good cause" for his failure adhere to the deadline. *S&W Enterprises, LLC v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (denying leave to amend complaint because plaintiff offered no adequate explanation for failing to comply with the scheduling order, and that the same facts were known "from the time of its original complaint to the time it moved for leave to amend"). In addition, the Response and Amended Response combined would equal 44 pages, in violation of Local Uniform Civil Rule 7. No permission for these excess pages was sought or obtained.

Plaintiff's deadline for filing a response was April 3, 2017. The Amended Response [103] was significantly and materially distinct from the Response, not a supplementation. Plaintiff's counsel has shown a repeated disregard for, and an inability or unwillingness to abide by, the Court's deadlines and orders. Moreover, the Amended Response violates the page limitation requirement set forth in Local Uniform Civil Rule 7. The Court further finds that based upon the record as a whole, the Amended Response was filed in bad faith, and that it should be stricken.

III. CONCLUSION

After review of the Motion for Strike [108], all related pleadings, the record as a whole, and relevant legal authority, the Court finds that Defendant's Motion to Strike [108] should be granted and Plaintiff's Amended Response [103] to Defendant's Second Motion to Strike [83] the opinions and expert testimony of

9

Plaintiff's expert Randall A. Snyder should be stricken and removed from the record.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant's Motion to Strike [108] is **GRANTED**, and Plaintiff's Amended Response [103] to Defendant's Second Motion to Strike [83] the opinions and expert testimony of Plaintiff's expert Randall A. Snyder is **STRICKEN**. The Clerk is directed to strike and remove Plaintiff's Amended Response [103] from the record.

**SO ORDERED AND ADJUDGED** this the 22nd day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE