IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STEVEN W. HOLLAND**                                                  **PLAINTIFF**

**v.**                                                   **CIVIL NO. 1:15-cv306-HSO-JCG**

**KEESLER FEDERAL CREDIT UNION**                        **DEFENDANT**

### ORDER STRIKING THE SUPPLEMENTAL AND REBUTTAL DECLARATION OF RANDALL A. SNYDER [123-5] ATTACHED AS EXHIBIT "E" TO PLAINTIFF'S MOTION TO STRIKE [123]

This matter is before the Court sua sponte. The Court finds that the March 22, 2017, Supplemental and Rebuttal Declaration of Randall A. Snyder [123-5] attached as Exhibit "E" to Plaintiff Steven W. Holland's Motion [123] to Strike, or Limit Testimony of, Defendant's Expert Ray Horak should be stricken.

Pursuant to the Court's January 6, 2017, Text Only Amended Case Management, the deadline for discovery was March 6, 2017, thus Snyder's March 22, 2017, Supplemental and Rebuttal Declaration ("Snyder's Declaration") was submitted after the expiration of the discovery deadline without leave of Court. Plaintiff Steven W. Holland ("Plaintiff") previously submitted Snyder's Declaration as an Exhibit to Plaintiff's Motion to Strike [previously docketed as 100] filed March 31, 2017. That Motion and Snyder's Declaration were stricken by the Clerk pursuant to the Court's March 31, 2017, Text Only Orders finding the Motion was untimely filed without leave of Court and directing the Clerk to strike the documents from the record.

Plaintiff next submitted Snyder's Declaration as an Exhibit to Plaintiff's Amended Response [103] in Opposition to Defendant's Second Motion [83] to Strike the Opinions and Testimony of Randall A. Snyder filed April 4, 2017.  In striking Plaintiff's Amended Response and Snyder's Declaration, the Court held that the Amended Motion was untimely filed without leave of Court, and in bad faith.  *See* May 22, 2017, Order [125] at 7-9.

The Court's May 16, 2017, Order [122] granted Plaintiff's Motion for Reconsideration and allowed Plaintiff to refile his Motion to Strike.  On May 18, 2017, Plaintiff refiled his Motion [123] to Strike, or Limit Testimony of, Defendant's Expert Ray Horak and attached Snyder's Declaration as Exhibit "E" [123-5].

Snyder's Declaration [123-5], dated March 22, 2017, was obviously submitted after the expiration of the discovery deadline on March 6, 2017, and without leave of Court.  Allowing Plaintiff to support his current Motion to Strike with Snyder's Declaration would be tantamount to allowing Plaintiff an end-run around the Court's Orders.  Plaintiff failed to comply with the Amended Case Management Order and submitted Snyder's "supplemental" Declaration after the expiration of the discovery deadline on March 6, 2017, in violation of Federal Rule of Civil Procedure 26(e).  *See also* L. U. Civ. R. 26(a)(5). Further, Plaintiff has not shown "good cause" as required by Federal Rule of Civil Procedure 16(b)(4) for any extension of the discovery deadline.  S*ee Squyres v. Helico Cos. LLC*, 782 F.3d 224, 237 (5th Cir. 2015).  The Court finds that Snyder's Declaration [123-5] should be

stricken as untimely, and for the reasons more fully stated in the Court's Orders [122] [125] and its March 31, 2017 Text Only Orders.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the March 22, 2017, Supplemental and Rebuttal Declaration of Randall A. Snyder ("Snyder") [123-5] is **STRICKEN**.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE