**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**STEVEN W. HOLLAND**                                                                     **PLAINTIFF**

**VS.**                                                                       **CAUSE NO. 1:15CV306 HSO-JCG**

**KEESLER FEDERAL CREDIT UNION**                                **DEFENDANTS**

**MEMORANDUM BRIEF IN SUPPORT OF MOTION IN LIMINE REGARDING
LEGAL OPINIONS OF RANDALL SNYDER, EXPERT WITNESS OF THE PLAINTIFF**

COMES NOW the Defendant, KEESLER FEDERAL CREDIT UNION ("Defendant" or "Keesler"), by and through its undersigned counsel of record, Schwartz, Orgler & Jordan, PLLC, and Rushing & Guice, PLLC, respectfully submits this MEMORANDUM IN SUPPORT of its motion *in limine* to preclude any testimony, evidence, argument of counsel, or reference at the trial of this matter to the legal opinions and/or conclusions offered by the Plaintiff's purported expert witness, Randall Snyder, and states to the Court the following:

On December 4, 2015, this Court entered a Case Management Order ("CMO") [Doc. 9]. Pursuant to the CMO, the deadline for the Plaintiff to file a designation of experts was March 1, 2016. *Id*. On March 1, 2016, the Plaintiff designated Randall A. Snyder ("Snyder") as an expert witness for the Plaintiff, "to provide expert testimony with respect to an evaluation and analysis of electronic data relating to the outbound calls placed by Defendant to Plaintiff's cellular telephone number; analysis and data warehousing relating to the telephone dialing system used by Defendant to place the calls at issue to Plaintiff; technical analysis related to the use, components, technical interface and operation of automatic telephone dialing systems ("autodialers"); data warehousing regarding the compilation of outbound dial lists used and maintained by the Defendant; the creation and use of databases containing cell block identifiers and ported numbers lists, both of which

identify cellular telephone numbers." The documents provided as the aforementioned "Expert Disclosures of Plaintiff, Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure", as well as a document entitled "Curriculum Vitae," which simply lists the cases in which Snyder has allegedly been involved in some capacity. Following the filing of said disclosures, the deadline for the Plaintiff to Supplement his expert report was amended by the Court to September 9, 2016 [Text Order entered on 08/18/2016].

Following which, on September 7, 2016, Plaintiff submitted a Declaration of Snyder, including a seventeen (17) page narrative and various exhibits. On March 22, 2017, Defendant was served with the Supplemental Report of Snyder ("Supplemental Report"), <u>after the discovery deadline closed</u>. Defendant filed and has pending a Second Motion to Strike Snyder [#83, 84], and Rebuttal in Support [#107] which are incorporated by reference herein.

On June 30, 2017, the Court, *sua sponte* entered an Order [#129] striking the March 22, 2017 Supplemental and Rebuttal Declaration of Randall A. Snyder ("Snyder") [#123-5], finding the Plaintiff failed to comply with the Court's deadlines.

The Plaintiff has designated Randall Snyder ("Snyder"), as an expert witness in this case. Snyder's testimony, reports, and any reference thereto should be excluded from trial of this cause. Federal Rule of Evidence 702 provides for the admission of expert testimony if certain prerequisites are met. In making this determination, the trial court acts as a "gatekeeper" to ensure 'that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *General Elec. Co. v. Joiner*, 522 U.S. 136, 139, 118 S. Ct. 512, 516, 139 L. Ed. 2d 508 (1997)(quoting *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 2794-95, 125 L. Ed. 2d 469 (1993)).

In addition, Federal Rule of Evidence 704(a) provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a).  However, Rule 704 does not open the door to all opinions.  Specifically, "[t]he Advisory Committee notes make it clear that questions which would merely allow the witness to tell the jury what result to reach are not permitted." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236 (5th Cir. 1983).  Further, the rule is not intended to allow a witness to give **legal conclusions**. *Id.* (emphasis added). It is a general principle that questions of law are for the court's determination, and any expert testimony opining on questions of law, or the application of law to a set of facts, is inadmissible. *See Burlington Norther R.R. Co. v. Deatherage*, 1997 WL 33384269 *1 (N.D. Miss. 1997)(striking certain portions of an expert's affidavit which attempted to instruct the court on the law of preemption); *Snape-Drape, Inc. v. Commissioner of Internal Revenue*, 98 F.3d 194, 197-98 (5th Cir. 1996)(holding expert witness reports containing legal conclusions and statements of mere advocacy are properly excluded pursuant to Rule 704); *Owen*, 698 F.2d at 240 (holding witnesses are not permitted to give legal conclusions).

Snyder's opinions are inadmissible legal conclusions which do not display a proper methodology, and will not assist the trier of fact.  The initial declaration of Snyder is inadmissible and improper, and the supplemental expert report of Snyder reads more like a legal brief than an expert report, and is an attempt to usurp the Court's role of stating the law, and the jury's role as the finder of fact, which has been repeatedly rejected by federal courts in this State and in the Fifth Circuit. *See, BNY Mellon, N.A. v. Affordable Holdings, Inc.*, 1:09CV226-SA-JAD, 2011 WL 2746301, at *1-2 (N.D. Miss. July 12, 2011) ("Each courtroom comes equipped with a legal expert [ ... ] called a judge.") (parallel citation omitted) (citing *Estate of Sowell v. United States*, 198 F.3d

169, 171-72 (5th Cir.1999); *Askanase v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir.1997)("if an expert were allowed to testify to legal questions, each party would find an expert would state the law in the light most favorable to its position."); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir.1992) (noting that expert testimony must bring to the trier of facts more than the lawyers can offer in argument); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir.1983) (holding that an expert's testimony on the contributory negligence of a party was a legal conclusions and therefore was an invasion of the trier of fact's role in deciding the case); *Goodman v. Harris Cnty*, 571 F.3d 388, 399 (5th Cir.2009) ("an expert may never render conclusions of law"). *BNY Mellon, N.A. v. Affordable Holdings, Inc*. stated that "**[T]o make it abundantly clear** [ ]**, it is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court**." 2011 WL 2746301, at *1-2 (Footnotes and parallel citation omitted) (emphasis added).

There are two inherent problems with allowing legal opinions and/or conclusions to be introduced by an expert witness. First, providing legal conclusion testimony "would supply the jury with no information other that the expert's view of how its verdict should read." *Owen*, 698 F.2d at 240. Second, "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Id*.

It is obvious that Snyder's opinions provide no meaningful assistance to the jury. Instead, there is a likelihood that these opinions will confuse and/or be misconstrued by the jury as to what the legal outcome of the case should be. Accordingly, Snyder's opinions are inadmissible under Rule 702 and Rule 704. Defendant would show that the mere mentioning the existence of, alluding to, or offering evidence derived from or related to Snyder or Snyder's opinions would be so highly

prejudicial to the Defendant that even a timely objection at trial, or a timely motion to strike or an instruction by the court to the jury to disregard the offending matter would not overcome its prejudicial influence on the jurors' minds. Defendant respectfully requests the Court grant Defendant's motion in limine.

Defendant would further pray that, even if Snyder's testimony were not excluded in its entirety (including his reports), Defendant prays that it be excluded in part with regard to the rank legal conclusions and improper statements as referenced in Defendant's Memorandum In Support of Motion to Strike Snyder [#84]. Defendant prays that Snyder's testimony or references thereto be limited to the documents Snyder actually reviewed, and that Snyder be prohibited from making any specific references to items he did not review which will likely be introduced into evidence. See, #84.

Snyder's original September 7, 2016 Declaration, or "expert report" is not proper and would not assist the trier of fact. On September 30, 2016, Synder was deposed, and his testimony revealed the worthlessness of his Declaration. Snyder admitted that all he based his "Declaration" on was (1) what Plaintiff's lawyer told him, and (2) what he read of Delma Powell's deposition transcript. In essence, Snyder's opinions are blank legal conclusions:

> Q. Is it your opinion that Keesler employed an Interactive Intelligence Dialer to place calls in question in this litigation?
>
> A. Yes.
>
> Q. And what do you base that opinion on, sir?
>
> A. Information in the deposition transcript and my own research on the client information software that was used that is designed to work with a centralized dialing system. And based on the functionality that was described, I had to conclude - - or I must conclude that there was a centralized system, the Interactive Intelligence Dialer, that was employed.
>   (September 30, 2016 Deposition of Snyder, lines 24-25; at 29, line 7).

A.  It was simply related to me that this was the system, and combined with the Powell deposition transcript where he stated about the Cisco - - or discussed about using the Cisco handset phones and the Interactive Client - - or the Interaction Client application on the desktop computer, which is designed to interface and interact properly with the interactive intelligence centralized dialing system.
So based on that and what I was told, I can generally conclude that was the system in place.
 (September 30, 2016 Deposition of Snyder at 33, lines 14-21).

Snyder continued:
A.     I was simply asked to opine on whether the Interactive Intelligence Dialer itself was an ATDS or not.

Q.  And if I understood your testimony earlier, the basis of your knowledge was what you were told by David Mitchell, counsel for the plaintiff?

A. That and the fact that the Desktop Client, as described by Mr. Powell in his deposition transcript, led me to that conclusion as well...
(September 30, 2016 Deposition of Snyder at 41, lines 10-18).

Snyder stated that he had no opinion as to the actual dialing system employed by Keesler:
Q.  What interactive intelligence software components or modules do you contend Keesler had installed and was utilizing to place these calls?

A.  I was not asked to opine on that.

Q. Do you have an opinion on that?

A.  No.  I've made no contentions on that in my report, and I currently have no opinion on that.
  (September 30, 2016 Deposition of Snyder, at 46, lines 18-24).

Q.  But would you agree with me that the Interactive Intelligence Dialer is a separate component or application from the Interaction Desktop Client and the IC Business Manager; correct?

A. Yes. It's a separate software and hardware system that is connected over communications links.

Q.  Okay. And you don't have any personal knowledge if those are actually in place at Keesler; correct?

A. **I was not asked to opine on the particular architecture and implementation of what was used at Keesler.**
(September 30, 2016 Deposition of Snyder, at 49, lines 8-19; See also, page 50 at line 24;

55 at line 16) (emphasis added).

Q. Okay.  Do you know personally how Keesler agents placed calls through their telephone systems?

A. No. I was not asked to opine on that.  The only information I have, which I provided no opinion or conclusion on, is from the Powell declaration of some comments he made on how agents use their computer system or the Interactive Client – the Interaction Client in certain ways.  As far as I can recall, he did not say, These are the only ways we typically call.  I don't remember exactly what he said.  He just mentioned that, Here's a couple of ways we can start a call.  And my opinions don't depend on the specific methodology of how call center agents made calls in this case.
(September 30, 2016 Deposition of Snyder, at 65, lines 19-25, at 66, lines 1-8).

It is clear that Snyder's opinions are based on pure speculation, and are legal conclusions. Snyder even improperly attempts in his initial Declaration to interpret the Federal Communications Commission's Reports and Orders. (Initial Declaration at 14-16). It is common sense that his opinions would have to have some correlation with what Keesler's actual telephone system was in order to provide a valid expert opinion in the case at bar, but they do not.  Snyder makes vague assertions but never makes a firm relevant opinion which could assist the trier of fact.  His original Declaration, and any reference thereto, must be excluded at trial. The Declaration and testimony of Snyder wholly fail to address: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or method has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 592-94. Snyder's methodology is not reliable because there is no methodology, despite the fact that having a reliable methodology is required for expert testimony to be admissible. *See Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007). "[T]he proponent of expert testimony ... has the burden of showing that the testimony is reliable[ ] ... and

must establish the admissibility requirements by a preponderance of the evidence ...." *Previto v. Ryobi N. Am., Inc.*, 766 F. Supp. 2d 759, 765 (S.D. Miss. 2010) (citations and internal marks omitted).  Plaintiff has not met this burden.  "[W]ithout more than credentials and a subjective opinion, an expert's testimony that "it is so" is not admissible." *Id.* at 771 (quoting *Hathaway*, 507 F.3d at 318 (internal marks omitted)). *See Hagan v. Jackson County, Mississippi*, 1:13CV268-HSO-RHW, 2016 WL 1091107, at *3-4 (S.D. Miss. Mar. 21, 2016).  That is exactly what Snyder's opinion is – an "it is so" opinion, which is inadmissible. *Id.*

The entirety of Supplemental Snyder's report is filled with legal conclusions, inaccuracies, and inappropriate statements for a proposed "expert" report, and, therefore, to point out every fallacy or legal conclusion would necessarily cause this pleading to exceed the page maximum prescribed by the local rules.  In that the Court has already twice stricken the supplemental report of Snyder, it  should not allow it at trial or any testimony related thereto.

WHEREFORE PREMISES CONSIDERED, Defendant moves this Court to exclude any evidence, testimony, argument, documentation, or reference by either Plaintiff, its counsel or any witness to the legal opinions and/or conclusions offered by the Plaintiff's purported expert witness, Snyder. Defendant prays the Court grant such other relief which Defendant is entitled under the premises, at law or in equity.

RESPECTFULLY SUBMITTED, this July 3, 2017.

        KEESLER FEDERAL CREDIT UNION
        BY:  SCHWARTZ, ORGLER & JORDAN, PLLC

        BY: */s Robert T. Schwartz*
           ROBERT T. SCHWARTZ, For the Firm

ROBERT T. SCHWARTZ, ESQ. (MSB# 10482)
CHRISTIAN J. STRICKLAND, ESQ. (MSB# 104474)
Schwartz, Orgler & Jordan, PLLC
2355 Pass Road
Biloxi, MS 39531
Telephone: (228) 388-7441
Facsimile: (228) 388-7442
robert@sojlaw.net
christian@sojlaw.net

William Lee Guice III, Esq. (MSB # 5059)
Rushing & Guice, PLLC
1000 Government Street, Ste. E
Ocean Springs, MS 39564-3816
(228) 374-2313
bguice@rushingguice.com

## CERTIFICATE OF SERVICE

I, ROBERT T. SCHWARTZ, one of the attorneys for the Defendant, KEESLER FEDERAL CREDIT UNION, do hereby certify that I have this day filed the foregoing pleading or paper with the ECF electronic filing system, which sent notice of said filing to all counsel of record.

This July 3, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　*/s Robert T. Schwartz*
　　　　　　　　　　　　　　　　　　　　　　　　ROBERT T. SCHWARTZ